**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN F. ALVARADO,<br><br>                        Petitioner,<br><br>   v.<br><br>DANIEL PARAMO, Warden,<br><br>                        Respondent. | Civil No.   15cv1961-GPC (WVG)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has not paid the $5.00 filing fee and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Petitioner seeks reduction of his state sentence under 18 U.S.C. § 3582(C)(1)(A) and Fed.R.Crim.P. 35(b). (Pet. at 10-11.) The Petition is subject to dismissal because Petitioner has not satisfied the filing fee requirement, has not alleged exhaustion of state court remedies, and has not stated a claim cognizable on federal habeas.

## **MOTION TO PROCEED IN FORMA PAUPERIS**

The Motion to proceed in forma pauperis is denied because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status. A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account

in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has failed to provide the Court with the required Prison Certificate. Accordingly, the Court **DENIES** the request to proceed in forma pauperis.

## **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution, treaties or laws of the United States. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). See <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." <u>See</u> 28 U.S.C. § 2254(a).

Here, Petitioner claims that he is entitled to a downward departure from his state court sentence under 18 U.S.C. § 3582(C)(1)(A), which provides that a federal sentencing court, upon a motion of the Director of the Federal Bureau of Prisons, may reduce a federal term of imprisonment where extraordinary and compelling reasons warrant a reduction, or where the defendant is at least 70 years of age and certain other conditions are met. (Pet. at 10.) Petitioner also claims he is entitled to sentence reduction under Fed.R.Crim.P. 35(b), which provides for reduction of a federal sentence, upon the government's motion, for substantial assistance. (Pet. at 10.) However, Petitioner has not alleged how his federal rights have been violated by the failure of a federal sentencing court to reduce his state sentence under federal provisions which do not apply to state sentencing. In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

   Further, the Court notes that even if Petitioner could somehow amend his Petition to state a federal habeas claim and then refile the amended petition in this case, he must still exhaust state judicial remedies before bringing his claims via federal habeas. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

   Petitioner indicates that he has not presented his claim to the California Supreme Court. (See Pet. at 6.) The burden of proving that a claim has been exhausted lies with the petitioner. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

   Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

>United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4, 28 U.S.C. foll. § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not stated a cognizable federal claim and has not alleged exhaustion of state court remedies.

## CONCLUSION AND ORDER

Accordingly, the Court **DENIES** Petitioner's Motion to proceed in forma pauaperis and **DISMISSES** the case without prejudice due to Petitioner's failure to satisfy the filing fee requirement, failure to allege a cognizable federal claim, and failure to allege exhaustion of state court remedies.  To have the case reopened, Petitioner must, no later than **November 5, 2015** provide the Court with: (1) a copy of this Order together with the $5.00 filing fee; or (2) a copy of this Order together with adequate proof that Petitioner cannot pay the $5.00 filing fee **and** file a First Amended Petition which states a cognizable federal claim and alleges exhaustion of state

court remedies as to that claim. If Petitioner has not filed a First Amended Petition which cures the pleading defects identified above on or before **November 5, 2015**, and he still wishes to proceed with his claim on federal habeas, he will be required to file a new federal habeas petition which will be given a new civil case number.

**IT IS SO ORDERED.**

DATED: September 11, 2015

HON. GONZALO P. CURIEL
United States District Judge

CC: ALL PARTIES